**[J-61-2016][M.O. – Dougherty, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| ESTATE OF ROBERT H. AGNEW, MARGARET ALZAMORA, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ROBERT H. AGNEW, WILLIAM AND SHEILA HENNESSY, H/W, MARGARET HENNESSY, JAMES AND CHRISTINE HENNESSY, H/W AND PAUL AND EILEEN JANKE, H/W | : No. 76 MAP 2015<br>:<br>: Appeal from the Order of the Superior<br>: Court at No. 2195 EDA 2014, dated<br>: 2/2/15, reconsideration denied 4/7/15,<br>: reversing the grant of summary<br>: judgment of the Chester County Court<br>: of Common Pleas, Civil Division, at No.<br>: 12-09300, dated 6/4/14 and remanding |
| v. | :<br>:<br>:<br>: |
| DANIEL R. ROSS, ESQUIRE, MEGAN MCCREA, ESQUIRE AND ROSS & MCCREA, LLP | : ARGUED: May 10, 2016<br>:<br>:<br>: |
| APPEAL OF: DANIEL R. ROSS, ESQUIRE AND MEGAN MCCREA, ESQUIRE | :<br>:<br>: |

**CONCURRING OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  January 19, 2017**

I agree with the majority's holding that, to maintain standing in an action against an attorney for breach of contract in failing to perfect documents to reflect a client's testamentary intentions, intended third party beneficiaries must be identified in an executed estate planning document.  In this regard, I am persuaded by the public policy

rationale expressed by the majority.[1]  My main reservation with its opinion, however, is that I am not convinced by some of the additional rationale upon which the majority relies.[2]

As a final observation, to the degree that some ambiguity may attend the majority's statement that an alleged beneficiary is required to forward an executed testamentary document "expressly *identifying* him," Majority Opinion, *slip op.* at 26 (emphasis added), my understanding of identification includes the express naming of such a person, as well as the provision for "non-named beneficiaries."  *Id.* at 22 & n.12 (reasoning that such a term is inclusive of beneficiaries designated by reference to "my children" or persons or entities to be ascertained following the testator's death, rather than persons completely omitted).

---

[1]  *See* Majority Opinion, *slip op.* at 26 (citing the Court's recognition in *Guy v. Liederbach*, 501 Pa. 47, 62, 459 A.2d 744, 752 (1983), that the increased concern over third party liability could interfere with the quality and expense of legal services rendered to clients); *accord Radovich v. Locke-Paddon*, 41 Cal. Rptr. 2d 573, 580 (Cal. Ct. App. 1995) (reasoning that permitting third parties not mentioned in estate planning documents to sue may impinge on an attorney's duty of loyalty to the client, potentially resulting in the exertion of "pressure on a client to complete and execute estate planning documents summarily [for f]ear of liability to potential third party beneficiaries" (citation omitted)).

[2] For example, I do not believe that the use of extrinsic evidence to adjudge the intent of a decedent and his attorney is any more problematic in this context than it would be in other similar settings in which intent may be proved through such evidence.  *Compare* Majority Opinion, *slip op.* at 25 ("The execution requirement and the bar on extrinsic evidence act precisely to prevent courts from speculating regarding a testator's intent under such circumstances . . .."), *with In re Estate of Field*, 953 A.2d 1281, 1288 (Pa. Super. 2008) (permitting the use of extrinsic evidence to show that decedent intended for an unsigned trust amendment to be effective).